**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2391

RICHARD A. COLE, M.D.,

Plaintiff, Appellant,

v.

CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS
HEALTH AND WELFARE FUND,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Richard A. Cole on brief pro se.
Francis J. Carey on brief for appellant.

June 15, 2004

**Per Curiam**.  Pro se plaintiff-appellant Richard A. Cole, M.D., challenges the district court's grant of summary judgment to defendant Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States") and denial of his claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B), for nonpayment of benefits for medical services rendered to a Plan beneficiary.  We affirm essentially for the reasons set forth in the district court's August 28, 2003, Memorandum and Order.  We add only that Cole has not demonstrated that Central States' denial of his claim failed to comply with ERISA's statutory and regulatory notice requirements, 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(f).

Cole argues that Central States' "mantra" of "routine physical examination" was too conclusory to provide adequate notice of the reason for the denial to allow him to prepare for administrative review, and he maintains that Central States should have given him a line-by-line explanation for its denial of each charge.  However, this level of detail is not required by the statute or regulations.  Rather, the requirements are satisfied so long as the claimant is "supplied with a statement of reasons that, under the circumstances of the case, permit[] a sufficiently clear understanding of the administrator's position to permit effective review."  Halpin v. W.W. Grainger, Inc., 962 F.2d 685, 690 (7th Cir. 1992); see id. at 689.  Central States' letters to Cole clearly indicate that his

-2-

claim was denied because Central States' Medical Consultant found the services for which Cole sought payment to be unnecessary and unrelated to the diagnosis he reported, and they were therefore excluded.  The plan excluded coverage for treatment that was either unnecessary or for routine physical examinations.  That was enough to satisfy the statutory and regulatory requirements.  See Militello v. Central States, S.E. & S.W. Areas Pension Fund, 360 F.3d 681, 689 (7th Cir. 2004) ("Although the letter is sparse, the Trustees were required to give only specific reasons, not the reasoning behind the reasons" (internal quotation marks omitted)); Gallo v. Amoco Corp., 102 F.3d 918, 923 (7th Cir. 1996) ("All [the plan administrator] has to give the [claimant] is the reason for the denial of benefits; he does not have to explain to him why it is a good reason" (emphasis original)).

Cole's argument that Central States violated the notice requirements because it did not inform him of the specific documentation or information needed to "rehabilitate" his claim is unavailing because Central States never suggested that more information was needed to perfect the claim and allow for adequate review.  See Terry v. Bayer Corp., 145 F.3d 28, 39 (1st Cir. 1998); Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 236 (4th Cir. 1997); Brehmer v. Inland Steel Indus. Pension Plan, 114 F.3d 656, 661-62 (7th Cir. 1997).  Central States did not reject Cole's claim as defective; it only found that his arguments did not refute the

-3-

opinion of its medical consultant.  It was also obvious from the alternative disposition of the February 27, 1991, bill as untimely submitted that, in order to successfully appeal that determination, Cole would have to prove that he submitted it within the limitations period.  His contention that he did not attempt to do so because the notices failed to advise exactly what he needed to produce to prevail on appeal is not an adequate excuse.  The record demonstrates that Cole received a full and fair administrative review.

The judgment of the district court is <u>affirmed</u>.  See 1st Cir. Loc. R. 27(c).